UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. GILBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. EDCV 07-1030 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.   SUMMARY**

On August 22, 2007, plaintiff Charles A. Gilbert ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 27, 2007 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand because the Administrative Law Judge ("ALJ") erroneously failed to address the lay witness evidence and the Court cannot find such error was harmless.

## II.     BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 26, 2004, plaintiff filed an application for supplemental security income benefits. On March 11, 2004, plaintiff filed an application for disability insurance benefits. (Administrative Record ("AR") 90-92). Plaintiff asserted that he became disabled on September 30, 2001, due to pain in the right knee, depression and suicidal thoughts. (AR 101-02). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) on November 7, 2005 and January 18, 2007. (AR 337-62; 363-93).

On February 15, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 13-25). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: status post surgery for internal derangement of the right knee, borderline intellectual functioning and a history of polysubstance abuse, in recent remission (AR 15); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 16); (3) plaintiff retained the residual functional capacity to perform medium work (AR 16);[1] (4) plaintiff did not retain the residual

---

[1] Specifically, the ALJ determined the following as to plaintiff's physical abilities: (i) plaintiff could (a) lift 50 pounds occasionally and 25 pounds frequently; (b) sit for 6 hours out of an 8-hour work day; (c) stand and walk for 6 hours out of an 8-hour work day; (d) occasionally climb ramps and stairs; (e) occasionally stoop, kneel, crouch, crawl, and balance; and (e) walk on uneven terrain; and (ii) plaintiff could not climb ladders, ropes, or scaffolds. (AR 16). With respect to plaintiff's mental abilities, the ALJ determined: (a) plaintiff is limited to simple

(continued...)

functional capacity to perform his past relevant work (AR 24); and (5) plaintiff could perform work that exists in significant number in the national economy, specifically food service worker, inspector, assembler, or cafeteria attendant (AR 25).

The Appeals Council denied plaintiff's application for review.  (AR 5-7).

### III.   APPLICABLE LEGAL STANDARDS

#### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

///

---

[1](...continued)
repetitive tasks consisting of 4-step instructions, and tasks that are habituated; (ii) plaintiff could not (a) perform fast paced work; or (b) work with hazardous machinery; and (c) plaintiff could have limited contact with the public.  (AR 16).

|   |   |   |
|---|---|---|
| (3) | | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
| (4) | | Does the claimant possess the residual functional capacity to perform his past relevant work?[2]  If so, the claimant is not disabled.  If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

      The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).

---

[2] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence."  20 C.F.R. §§ 404.1545(a), 416.945(a).

**B.**   **Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.   DISCUSSION**

    **A.**   **A Remand is Appropriate Because the ALJ Erroneously Failed to Address the Lay Evidence Supplied by Plaintiff's Friend and the Court Cannot Find Such Error Was Harmless**

Plaintiff argues that the ALJ materially erred in failing to address lay evidence submitted by plaintiff's friend.  (Plaintiff's Motion at 5-7).  Defendant argues that any error was harmless because the "generic limitations" listed by plaintiff's friend were incorporated in the ALJ's residual functional capacity assessment.  (Defendant's Motion at 7-8).  As the ALJ failed to address the lay

///

evidence in issue, and as this Court cannot find such error to be harmless, a remand is appropriate.

### B. Standards Governing Consideration of Lay Evidence

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, e.g., lay witnesses, as to how impairment affects claimant's ability to work).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses. However, the standards discussed in these authorities appear equally applicable to written statements. Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination. Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### C. Pertinent Facts

On March 17, 2004, plaintiff completed an adult disability report, describing his limitations. (AR 101-06). He stated that he: (1) had right knee pain when he stands "for some time"; (2) was depressed and suicidal; and (3) could not stand or walk for any length of time. (AR 101-02).

On April 14, 2004, plaintiff completed a daily activities questionnaire. (AR 107-12). He stated that he: (1) had difficulty sleeping (AR 107); (2) required medication in order to sleep (AR 107); (3) had "no patience" (AR 108); (4) could walk for ten minutes before needing to rest (AR 109); (5) had difficulty concentrating (AR 111); (6) had trouble finishing tasks or chores (AR 111); and (7) could not walk or stand for a "long time" (AR 111).

On April 20, 2004, plaintiff's friend completed a daily activities questionnaire, which reflected his observations regarding plaintiff's alleged impairments and their asserted impact on plaintiff's daily activities. (AR 113-21). Plaintiff's friend reported that plaintiff: (1) was unable to work (AR 114); (2) was paranoid (AR 114, 119); (3) had difficulty sleeping (AR 114); (4) required a sleep aide (AR 114); (5) was unable to complete any household tasks (AR 115); (6) had problems getting along with family, friends, neighbors and others (AR 117); (7) stressed out too much (AR 117); (8) did not participate in any social activities (AR 118); (9) was limited in his ability to lift, squat, bend, stand, walk, remember, climb stairs, complete tasks and concentrate (AR 118); (10) could walk for 15 minutes before requiring rest (AR 118); (11) could pay attention for five minutes; (12) was unable to follow instructions (AR 118); (13) had difficulty handling stress (AR 119); and (14) required the use of a brace or splint "all the time" (AR 119).

As part of the residual functional capacity determination, the ALJ found plaintiff could stand and walk for six out of eight hours, could occasionally climb ramps and stairs, and could walk on uneven terrain. (AR 16). The ALJ also found

plaintiff's mental impairment limited him to simple repetitive tasks consisting of 4-step instructions, and tasks that were habituated. (AR 16).

In support of the residual functional capacity determination, the ALJ found plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms not entirely credible. (AR 17). The ALJ also found "no evidence" showing plaintiff had any physical condition which impacted his ability to work, and no evidence to indicate plaintiff did not fully recover from his past knee injury. (AR 18). In addition, the ALJ found there was "no current evidence of treatment" of plaintiff's past knee injury. (AR 22). The ALJ did not address the statements of plaintiff's friend.

### D. Analysis

As the above-referenced legal authorities suggest, the statements of plaintiff's friend constitute competent lay evidence that the ALJ had to take into account unless he expressly determined to disregard it and provided reasons therefor. Here, the ALJ failed to address such lay evidence and thus committed error.

The Court must consider, however, whether such error was harmless. The aforementioned statements of plaintiff's friend are generally consistent with plaintiff's written statements regarding his symptoms and limitations. If fully credited, the statements of plaintiff's friend corroborate plaintiff's description of his symptoms and limitations and are inconsistent with the ALJ's findings regarding plaintiff's residual functional capacity, particularly plaintiff's ability to stand or walk for six out of eight hours. Thus, the Court cannot conclude that no reasonable ALJ, fully crediting the statements of plaintiff's friend, could have reached a different disability determination regarding plaintiff.

Accordingly, this Court cannot deem the ALJ's failure to address the lay witness statement supplied by plaintiff's friend harmless.

///

**V.    CONCLUSION**[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 30, 2008

                                              /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).